UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TIMOTHY HERNANDEZ,

              Plaintiff,

      v.

DA SPOT NYC, LLC,

              Defendant.

**MEMORANDUM & ORDER**
25-CV-03701 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff commenced this putative class action against Da Spot NYC, LLC on July 3, 2025. *See* ECF No. 1 (Complaint). [1]  Plaintiff alleges that he is visually impaired and legally blind and that he was unable to purchase products from Defendant's website because it was incompatible with "screen access programs" he needed to use the website. *See id.* ¶¶ 2, 24, 25. He claims that Defendant violated, *inter alia*, the American with Disabilities Act. *See id.* ¶¶ 92. For the reasons provided below, pursuant to Rule 41(b), the Court dismisses this case with prejudice for failure to comply with court orders.

## BACKGROUND

After Plaintiff filed proof of service, *see* ECF No. 5, the Court ordered the parties to submit a joint letter describing the case and a civil case management plan ("CMP") by August 28, 2025, in accordance with certain attached mandatory requirements. *See* ECF No. 6. Plaintiff's counsel, Rami Salim of Stein Saks PLLC, was ordered to "notify Defendant's counsel of this scheduling order, in writing, as soon as reasonably possible." *Id.*  As Mr. Salim—who

---

[1]     Unless otherwise indicated, when quoting cases and the parties' filings, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

regularly appears before this Court—is aware, these pretrial scheduling requirements are part and parcel of litigating in federal court.

Inexplicably, however, the deadline passed with no joint letter or CMP filed. After waiting five days, the Court again ordered the parties to submit the mandatory filings, and *sua sponte* extended the deadline to September 5, 2025. *See* September 2, 2025, Text Order. The Court warned that if the parties failed to meet the September 5, 2025, deadline, the Court would enter a discovery schedule without seeking further input from the parties. *Id.* The Court also warned that future failures to comply with the Court's orders may result in sanctions. *Id.*

The following day, Defendant's owner, Michelle Cadore, filed a letter requesting an extension of time to respond to the Complaint. *See* ECF No. 7. Ms. Cadore's letter indicated that she understood the requirement that Defendant, an LLC, must be represented by counsel, and that she submitted the request herself solely to prevent prejudice to the business while she secured representation. *Id.* at 1. She wrote that Defendant was "actively seeking to retain an attorney" and "committed to participating in this matter in good faith." *Id.* Most notably, however, Ms. Cadore's letter indicated that she only became aware of the August 28, 2025, deadline on August 27, 2025. *Id.* The Court deemed this unacceptable on Plaintiff's part, given that Plaintiff's counsel had been ordered on July 30, 2025, to "notify Defendant's counsel of this scheduling order, in writing, as soon as reasonably possible." ECF No. 6. Moreover, the mandatory requirements attached to the scheduling order were clear that, "[p]ursuant to Fed. R. Civ. P. 26(f), counsel for the parties shall confer about a proposed discovery plan ***at least 21 days*** before the deadline for submitting the Case Management Plan." *Id.* ¶ 3 (emphasis added).

The second deadline, September 5, 2025, passed six days ago. No joint letter or CMP has been filed, nor did the parties request any extension of time. The Court predominantly views

Plaintiff and Plaintiff's counsel culpable for the parties' failure to comply. Plaintiff brought this case and thus it his and his counsel's responsibility to move his case forward.[2] Yet, at no point did Plaintiff request an extension of time to file the mandatory documents or notify the Court that Plaintiff's counsel had not conferred with Defendant or counsel for Defendant. Plaintiff simply disregarded the Court's unambiguous orders, as Plaintiff's counsel has a penchant for doing. *See, e.g., Layne v. Brooklyn Craft Prods., LLC*, No. 25-cv-00021, 2025 WL 1519146, at *2 (E.D.N.Y. May 28, 2025) (collecting cases and dismissing case for failure to comply with court orders).

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). When dismissing claims for failure to prosecute pursuant to Rule 41(b), the Second Circuit has directed district courts to weigh the following factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). No single factor is dispositive. *See id.*

---

[2]    *See, e.g., More v. Monex, Inc.*, No. 04-cv-3214, 2008 WL 199460, at *4 (E.D.N.Y. Jan. 22, 2008) ("Plaintiff chose to bring this action and it is his responsibility to move his case forward."); *Combined Logic Co. v. Avid Tech., Inc.*, No. 96-cv-4038, 2004 WL 2711051, at *2 (S.D.N.Y. Nov. 23, 2004) ("[T]he duty to diligently prosecute belongs to the plaintiff, not the defendant."); *Smalls v. Port Auth. of N.Y. & N.J.*, 120 F. App'x 396, 398 (2d Cir. 2005) ("It is an attorney's responsibility to press his client's case.").

## DISCUSSION

Plaintiff's counsel has repeatedly defied the Court's unambiguous orders in this case. Although the Court is cognizant that a dismissal under Rule 41(b) is among "the harshest of sanctions," the balance of factors in this case supports dismissal. *See id.* at 216–17.

The first factor, duration of noncompliance, supports dismissal. Over six weeks have passed since the Court's initial scheduling order instructing the parties to file the joint letter and CMP. *See* ECF No. 6. Even though delays in this case have been short in absolute terms, it is only because the Court closely monitored the docket and reminded the parties of ordered deadlines. The Court has little doubt that, had it not provided such reminders, delays would have piled up, especially because Plaintiff's counsel repeatedly fails to move cases before this Court toward trial. *See, e.g., Layne*, 2025 WL 1519146, at *1–2 (repeated failure to file proposed case management plan); *Solis v. Hair & Co., Bklyn, LLC*, No. 25-cv-00308, 2025 WL 1456503, at *2 (E.D.N.Y. May 21, 2025) (failure to file proposed case management plan);; *Hernandez v. Miansai, Inc.*, No. 24-cv-08185, Jan. 10, 2025, Text Order (E.D.N.Y. filed Nov. 25, 2024) (same); *Hernandez v. Bonpoint USA, Inc.*, No. 25-cv-00641, Mar. 31, 2025, Text Order (E.D.N.Y. filed Feb. 5, 2025) (same).

The second factor, notice, supports dismissal. The Court warned the Plaintiff that failure to file the joint letter and CMP could result in sanctions. *See* September 2, 2025, Text Order. And Plaintiff's counsel has received numerous other warnings and sanctions from this Court, other courts in this District, and courts in the Southern District and District of New Jersey for similar noncompliance. The fact that Plaintiff's counsel has received such extensive notice and nevertheless continues to ignore Court orders is troubling. *See, e.g., Solis*, 2025 WL 1456503, at *2 ("[Mr. Salim's] conduct indicates a willful disregard of Court orders.")

4

The third factor, prejudice to Defendant as a result of further delay, weighs in favor of dismissal. "A defendant should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." *Hussey v. Salgado*, No. 23-cv-2905, 2024 WL 3784398, at *2 (S.D.N.Y. Aug. 13, 2024). Here, Plaintiff's counsel's apparent business model of mass-generating website ADA lawsuits without meaningfully litigating the issues will likely result in additional delay and cause Defendant to incur unnecessary expenses defending this action. *See, e.g., Zinnamon v. Satya Jewelry II, LLC*, No. 23-cv-0781, 2023 WL 3511123, at *3 (S.D.N.Y. Apr. 28, 2023) (sanctioning Stein Saks PLLC to get them "to take seriously their obligation to allege standing adequately in every complaint they file" and noting that their "business model that appears to rest on filing a high volume of virtually identical complaints . . . wast[es] the Court's time"); *Wahab v. White's Boots, Inc.*, No. 23-cv-9018, 2024 WL 3909083, at *8 (S.D.N.Y. Aug. 16, 2024) (analyzing hundreds of ADA website complaint lawsuits filed by Stein Saks PLLC in the Eastern and Southern districts of New York, noting their "mere boilerplate" pleadings, and dismissing case); *Martin v. Brooklyn Bagel & Coffee Co., Ltd.*, No. 24-cv-3758, 2024 WL 4827737, at *5 (E.D.N.Y. Nov. 18, 2024) ("The generic, copy-paste nature of [Plaintiff's] allegations is further underscored by the conduct of his counsel, Stein Saks, PLLC ("Stein Saks"), on behalf of other plaintiffs."); *Velazquez v. Home Controls, Inc.*, No. 22-cv-3921, 2023 WL 4622597, at *3 (S.D.N.Y. July 23, 2023) (dismissing for lack of standing and noting that complaints filed by Stein Saks on behalf of the plaintiff "all follow a familiar pattern" by alleging "in boilerplate fashion" that "the Plaintiff visited a website, that the website is not ADA compliant, and . . . that the Plaintiff intends to visit the Website in the near future").

The fourth factor of judicial economy supports dismissal. As the Court has repeatedly made clear to Plaintiff's counsel, it is the Court's responsibility to move cases forward—not keep cases in a holding pattern while Plaintiff attempts to pressure defendants to settle. The Court has an interest in eliminating this case from its docket because chasing Plaintiff to comply with basic procedural obligations (which still have not been met) has been a waste of judicial resources. Ultimately, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this [D]istrict seek access to the courts." *Rojas v. L-Ray, LLC*, No. 20-cv-6109, 2021 WL 6127047, at *2 (S.D.N.Y. Dec. 28, 2021) (dismissing claims pursuant to Rule 41(b)). Clearing this case from the Court's calendar will permit the Court to prioritize its criminal docket and the civil matters of those plaintiffs committed to the vigorous prosecution of their claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

Finally, the fifth factor, the availability of lesser sanctions, supports dismissal. The Court has considered other, less drastic sanctions. But given the number of prior warnings and sanctions imposed on Plaintiff's counsel over several years for willfully defying court orders, "there is no reason to believe that a lesser sanction would be effective." *Aguilar v. Kimo Mgmt. Grp. Corp.*, No. 21-cv-7537, 2023 WL 2822201, at *2 (S.D.N.Y. Apr. 6, 2023) (dismissing claims pursuant to Rule 41(b) because plaintiff ignored an order warning about potential dismissal and "appear[ed] uninterested in pursuing her claims"). Indeed, "the Court is unaware of how a lesser sanction would prompt Plaintiff to comply" with its Order. *Rodriguez v. Cavala Café Corp.*, No. 14-cv-8907, 2016 WL 4467557, at *3 (S.D.N.Y. Aug. 22, 2016) (dismissing under Rule 41(b)). "Half-hearted plaintiffs cannot be permitted to clog the crowded docket of

the court." *Shim v. Richman*, No. 90-cv-7373, 1994 WL 115996, at *3 (S.D.N.Y. Mar. 29, 1994).

<u>**CONCLUSION**</u>

For the reasons set forth above, the Court dismisses Plaintiff's claims with prejudice for failure to comply with court orders pursuant to Rule 41(b).  The Clerk of Court is respectfully directed to enter judgment and to close this case.  On or before September 18, 2025, Plaintiff's counsel shall certify that he has made his client aware of this Order.  Failure to comply with this Order will result in monetary sanctions and/or contempt of court.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
September 11, 2025